1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARCO MANJARREZ,                                    2:11-CV-1913 JCM (CWH)

              Plaintiff,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, et al.,

              Defendants.

**ORDER**

      Presently before the court is defendants Bank of America, N.A ("BANA"), ReconTrust Company, N.A. ("ReconTrust"), and Federal National Mortgage Association's ("Fannie Mae") (collectively "defendants") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).   (Doc. #4). Plaintiff Marco Manjarrez has filed an opposition (doc. #7), requesting that the court deny the motion to dismiss, and alternatively, grant plaintiff leave to amend should the motion to dismiss be granted.  Defendants have replied (doc. #8).

**I.      Background**

      The facts alleged in the complaint establish that the instant dispute centers around the real property located at 9609 Sharp Horn Court, Las Vegas, NV 89129, Parcel Number 125-18-112-103. Plaintiff purchased the property on or about August 30, 2006.  On or about that same date, plaintiff obtained a mortgage loan from Universal American Mortgage, LLC, that was secured by the property via a deed of trust, recorded as instrument number 200608300005215 in the Clark County

Recorder's Office.  On or about October 28, 2010, a notice of default was recorded as instrument number 201010280002183.  On March 1, 2011, a notice of trustee sale was recorded.  Plaintiff alleges that the notice of trustee sale was never posted on the subject property or mailed or otherwise delivered to him.  Rather, plaintiff alleges that he was engaged in loan modification negotiations with defendant Bank of America.  Plaintiff contends that within thirty days of Bank of America's communication to him regarding the possibility of a loan modification, he had gathered the necessary funds and contacted Bank of America to inquire how and where to make payment.  However, plaintiff alleges that Bank of America informed him that "it was too late," and the property had already been sold.  Apparently, the property was sold at the trustee sale on June 22, 2011, to defendant ReconTrust.  By July 19, 2011, defendant Fannie Mae delivered a three day notice to quit the property, and by August 1, 2011 filed an unlawful detainer action against the plaintiff.  This federal suit now follows.

Plaintiff's complaint contains twelve causes of action.  These include:  (1) quiet title; (2) slander of title; (3) breach of the covenant of good faith and fair dealing; (4) unjust enrichment; (5) bad faith and breach of fiduciary duty; (6) fraud; (7) civil conspiracy; (8) breach of contract; (9) declaratory relief; (10) injunctive relief; (11) inspection and accounting; and (12) deceptive trade practices.

**II.    Discussion**

**A.  Standard of Review**

A plaintiff must include a "short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  The statement of the claim is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief can be granted."

Courts must "accept all factual allegations in the complaint as true."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  However, "[t]o survive a motion to dismiss, a

James C. Mahan
U.S. District Judge

- 2 -

1   complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its

2   face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).  Although "not

3   akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility

4   that a defendant has acted unlawfully.  *Id.*

5   **B.  Analysis**

6   *(1) Quiet Title*

7   "An action may be brought by any person against another who claims an estate or interest in

8   real property, adverse to him, for the purpose of determining such adverse claim."  NRS § 40.010.

9   In a quiet title action, the plaintiff carries the burden to establish that he has good title.  *Breliant v.*

10  *Preferred Equities Corp.*, 112 Nev. 663, 669 (1996) (citing *Ernie v. Trinity Lutheran Church*, 51

11  Cal.2d 702 (1959)).  A quiet title action requires the plaintiff to show that the defendant is unlawfully

12  asserting an adverse claim to the disputed title.  *Kemberling v. Ocwen Loan Servicing, LLC*, 2:09-cv-

13  00567-RCJ-LRL, 2009 WL 5039495, *2 (D. Nev. Dec. 15, 2009).

14  Here, plaintiff's complaint fails to allege that defendant is unlawfully asserting an adverse

15  claim to title.  Plaintiff seeks to quiet title based upon the notice of default that was recorded against

16  the subject property.  However, plaintiff's complaint does not assert that this notice of default was

17  wrongfully recorded (e.g. nothing in the complaint refutes the premise that plaintiff has defaulted

18  on his home loan).  Accordingly, in his request to quiet title, plaintiff fails to state a claim upon

19  which relief can be granted.

20  *(2) Slander of Title*

21  Plaintiff also alleges that defendants slandered the title to the subject property.  For a cause

22  of action to succeed for slander of title, plaintiff must show that defendants made "false and

23  malicious communications, disparaging to [his] title in land, and causing special damage." *Higgins*

24  *v. Higgins,* 103 Nev. 443, 445 (Nev. 1987) (citations omitted).

25  In the complaint, plaintiff fails to allege what communications were false. Instead, he states:

26  "Defendants' conduct in filing the [n]otice of [t]rustee's [s]ale and [t]rustee's [d]eed without first

27  complying [sic] all statutory prerequisites, including statutory [sic] required notices to [p]laintiff,

28

James C. Mahan
U.S. District Judge

- 3 -

1  constituted false and malicious communications, disparaging to [p]laintiff's title in the [p]roperty,

2  which caused special damages." Compl. ¶ 37. Such formulaic and conclusory allegations fall short

3  of the liberal federal pleading standards. *See Iqbal*, 129 S. Ct. at 1949; *see also Twombly*, 550 U.S.

4  at 555. Here, plaintiff simply asserts that because the defendants' allegedly failed to comply with

5  statutory prerequisites, the notice was "false and malicious." Such a conclusion does not follow

6  from the premise. Plaintiff has failed to allege *what* communications were false, *how* they

7  disparaged his interest in the property, and *what* special damages he suffered. As a result, plaintiff

8  has failed to state a claim upon which relief can be granted.

9          *(3) Breach of the Covenant of Good Faith and Fair Dealing*

10       To state a claim of breach of the covenant of good faith and fair dealing, plaintiff must allege:

11  (1) plaintiff and defendants were parties to an agreement; (2) the defendants owed a duty of good

12  faith to the plaintiff; (3) the defendants breached that duty by performing in a manner that was

13  unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied.

14  *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995). In Nevada, an implied covenant of good faith and

15  fair dealing exists in every contract, *Consol Generator-Nevada v. Cummins Engine*, 917 P.2d 1251,

16  1256 (Nev. 1998), and a plaintiff may assert a claim for its breach if the defendant deliberately

17  contravenes the intention and spirit of the agreement. *Morris v. Bank Am. Nev.*, 886 P.2d 454 (Nev.

18  1994). The covenant of good faith and fair dealing "only applies after a binding contract is formed."

19  *Crellin Techs., Inc. v. Equipmentlease Corp.*, 18 F.3d 1, 10 (1st Cir. 1994).

20       Plaintiff's bad faith claim is premised on the allegation that "[p]laintiff and [d]efendants had

21  a special and/or fiduciary relationship with each other pursuant to the loan documents, including

22  without limitation the [d]eed of [t]rust, and other agreements." Comp. ¶ 44.

23       However, this claim must fail because lenders owe no fiduciary obligations to borrowers

24  absent exceptional circumstances. *See Kwok v. CR Title Co., et. al.*, Case No. 2:09-cv-2298, slip op.

25  at 5 (D. Nev. June 23, 2010) (Hunt, J.). No exceptional circumstances or special relationship was

26  alleged here. In his opposition to the motion to dismiss, plaintiff explains that a special relationship

27  exists between him and BANA, because BANA entertained loan modification discussions with him.

28

**James C. Mahan**
**U.S. District Judge**

Opp at 10:20-24.  However, no case law is cited for the proposition that the normal lender/borrower relationship is transformed into a special or fiduciary relationship once the prospect a of loan modification is raised.  Accordingly, this court finds that the complaint fails to properly allege a special relationship and any claims premised on such a relationship fail pursuant to *Kwok*.

*(4) Unjust Enrichment*

"An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (per curiam).  The doctrine of unjust enrichment only "applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]." *Id.*

Plaintiff's complaint admits that he entered into an express contract when he executed the deed of trust and note.  Compl. ¶ 14.  Though the opposition attempts to explain that the unjust enrichment claim is premised on the foreclosure and not the deed of trust, the fact remains that it is the deed of trust that provided the secured party with the power to foreclose.  Accordingly, because the cause of action is premised on the existence of an express contract, it must fail.

*(5) Bad Faith and Breach of Fiduciary Duty*

Plaintiff alleges breach of a fiduciary duty by defendants.  As explained above, no fiduciary relationship exists absent exceptional circumstances.  *See Kwok v. CR Title Co., et. al.*, Case No. 2:09-cv-2298, slip op. at 5 (D. Nev. June 23, 2010) (Hunt, J.).  As plaintiff has failed to allege any exceptional circumstances giving rise to a fiduciary duty on the part of the defendants, this claim must fail.

*(6) Fraud*

Plaintiff's sixth cause of action alleges that "defendants intentionally made material misrepresentations as to the nature of the purported loan modification process and thereby induced [p]laintiff not to act to protect her [sic] interests so that [d]efendants could foreclose upon the [p]roperty."  Compl. ¶ 65.  Pursuant to Federal Rule of Civil Procedure 9, claims of fraud must be

James C. Mahan
U.S. District Judge

pled with specificity. The elements of fraud include: (1) a material representation or deceit that is false; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damages. *Steams' Properties v. Trans-World Holdings Corp.*, 492 F. Supp. 238, 241-42 (D. Nev. 1980). Allegations of fraud must be accompanied by "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Plaintiff's fraud allegations fall far short of the requirements of Rule 9. Plaintiff fails to allege facts with sufficient particularity and specificity to meet the heightened pleading standard for fraud causes of action. Rather, the allegations amount to the type of "formulaic recitations" that the Supreme Court disapproved of in *Twombly. See Twombly*, 550 U.S. at 555. Because these allegations fail to inform as to "the who, what, when, where, and how" of the alleged fraudulent scheme, the claim must fail. *See Vess*, 317 F.3d at 1106.

### *(7) Civil Conspiracy*

To allege a conspiracy to defraud, a complaint must meet the particularity requirements of Federal Rule of Civil Procedure 9(b) and inform each defendant of its actions that constituted joining the conspiracy. *Graziose v. Am. Home Products Corp.*, 202 F.R.D. 638, 642 (D. Nev. 2001). Allegations of conspiracy should be accompanied by the who, what, when, where, and how of the misconduct. *See Vess*, 317 F.3d at 1106.

Here, plaintiff's claim must fail because, as explained above, the fraud count is deficient. It is well settled that a plaintiff cannot prevail on a claim for conspiracy if the underlying claim is defective. *Grisham v. Philip Morris USA*, 403 F.3d 631, 635 (9th Cir. 2000). Further, plaintiff's allegations of conspiracy are merely conclusory allegations of a conspiracy to defraud and fail to individualize the defendants' conduct. For example, plaintiff alleges that "[d]efendants, via concerted action, intended to accomplish the unlawful objection [sic] of foreclosing upon the [p]roperty through [p]laintiff's justifiable reliance upon [d]efendants' intentional misrepresentations and/or other tortious actions to induce [p]laintiff not to act to protect her [sic] interests in the [p]roperty." Compl. ¶ 72. The complaint alleges that the defendants "conspired to obtain ownership of the [p]roperty and they intentionally interfere [sic] with [p]laintiff's use, enjoyment, possession,

1   and title to the subject property." *Id.* at ¶ 73.  Such general and vague allegations are not sufficient

2   to meet the heightened pleading standard of Rule 9(b) as they do not inform each defendant of their

3   actions that constituted joining the conspiracy. *See Graziose*, 202 F.R.D. at 642.  Accordingly, civil

4   conspiracy cause of action is dismissed as to all defendants.

5           (8) Breach of Contract

6           Plaintiff's eighth cause of action alleges breach of contract as to BANA.  The complaint

7   alleges that BANA breached the deed of trust and related agreements by failing to comply "with all

8   statutory requirements."  Compl. ¶ 79.  Plaintiff's allegations under this claim are conclusory and

9   vague.  Plaintiff does not identify what provisions of that contract were breached or how. The eighth

10  claim for relief does not provide sufficient notice to BANA and cannot survive a motion to dismiss.

11          (9) Declaratory Relief

12          Declaratory relief is not a cause of action, but a remedy. *See Aguilar v. WMC Mortg. Corp.*,

13  2010 WL 198951, *4 (D. Nev. Jan. 15, 2010).  As such, this "claim" is dismissed.

14          (10) Injunctive Relief

15          Similar to declaratory relief, injunctive relief is a remedy. *See Josephson v. EMC Mortg.*

16  *Corp.*, 2010 WL 4810715, *3 (D. Nev. Nov. 19, 2010).  As such, this "claim" is dismissed.

17          (11) Inspection and Accounting

18          An action for inspection and accounting will prevail only where the plaintiff can establish

19  that there exists a relationship of special trust between the plaintiff and defendant. *McCurdy v. Wells*

20  *Fargo*, 2010 WL 4102943 (D. Nev. 2010).  Absent special circumstances, no such relationship exists

21  between a lender and a borrower. *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 882 (9th

22  Cir. 2007).

23          Plaintiff has failed to allege any special circumstances that would create the requisite

24  fiduciary relationship between her, the borrower, and one or more defendants, as a lender. *See*

25  *McCurdy*, 2010 WL 4102943 (dismissing an action for inspection and accounting where plaintiff

26  failed to allege the requisite relationship of trust).   Accordingly, the eleventh cause of action is

27  dismissed as to all defendants.

28

**James C. Mahan**
**U.S. District Judge**

- 7 -

1    *(12) Deceptive Trade Practices.*

2    Plaintiff's twelfth cause of action alleges that defendant BANA engaged in deceptive trade

3    practices in violation of NRS §§ 598.0915 and 598.0923.  Compl. ¶ 100.

4    Subsection 598.0915 prohibits making knowingly false representations in business

5    transactions involving the sale or lease of "goods or services."  *See* NRS § 598.0915.  The only

6    clause of the statute that is not specifically limited to transactions involving "goods or services" is

7    subsection 15, the catch-all provision.  Subsection 15 prohibits "knowingly mak[ing] any other false

8    representation in a transaction."  NRS § 598.0915(15).   Pursuant to the doctrine of *ejusdem generis*

9    the court construes the broad descriptor "transaction" found in subsection 15 as limited to the

10   specific types of transactions involving the sale or lease of goods or services found in the preceding

11   subsections of the statute.  As the transaction at issue did not involve the sale or lease of goods or

12   services, a claim under NRS § 598.0915 is not viable.

13   Subsection 598.0923 does not apply to this case: (1) plaintiff has not alleged, under

14   subsection one, that any defendant has been conducting its business without a required license; (2)

15   subsections two and three apply to the sale or lease of goods or services; (3) plaintiff has not alleged

16   that any defendant, under subsection four, has used coercion, duress or intimidation in a transaction;

17   and (4) no defendant was the seller in a land sale installment contract under subsection five.

18   Moreover, many courts have recognized that the Deceptive Trade Practices act does not apply

19   to real property transactions, but to the sale of goods and services.  *See Reyna v. Wells Fargo Bank,*

20   *N.A.*, No. 2:10-cv-01730-KJD-RJJ, 2011 WL 2690087, *9 (D. Nev. July 11, 2011) ("N.R.S. § 598

21   . . . applies only to goods and services and not to real estate loan transactions."; *see also Alexander*

22   *v. Aurora Loan Services*, No. 2:09-cv-1790-KJD-LRL, 2010 WL 2773796, *2 (D. Nev. July 8, 2010)

23   ("Plaintiff's claim deals with the sale or lease of real property, not goods or services; therefore [

24   N.R.S. § 598] does not provide an avenue of relief to [p]laintiff."); *Parker v. Greenpoint Mortgage*

25   *Funding*, No. 3:11-cv-00039-ECR-RAM (D. Nev. July 15, 2011) (N.R.S. § 598 "does not cover a

26   mortgage foreclosure").

27   Accordingly, plaintiff's deceptive trade practices claim against BANA is dismissed.

28

James C. Mahan
U.S. District Judge

- 8 -

**C. Leave to Amend**

Under Rule 15(a) leave to amend is to be "freely given when justice so requires." In general, amendment should be allowed with "extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). Absent a showing of an "apparent reason" such as undue delay, bad faith, dilatory motive, prejudice to the defendants, futility of the amendments, or repeated failure to cure deficiencies in the complaint, leave to amend should be granted. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

In light of the liberal spirit of Rule 15(a), plaintiff should have an opportunity to amend his complaint. Should plaintiff choose to do so, however, he shall plead facts, as opposed to legal conclusions. If the amended complaint is similarly deficient, the court may conclude that further leave to amend would be futile.

**III.   Conclusion**

Plaintiff has failed to state a claim upon which relief could be granted. Plaintiff will be given leave to amend. Should he choose to do so, however, he shall plead facts, not legal conclusions. In light of the foregoing,

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that defendants' motion to dismiss (doc. #4) be, and the same hereby is, GRANTED.

DATED January 27, 2012.

**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge

- 9 -